# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BRENT NICHOLSON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00459 |
| | ) | |
| CITY OF CLARKSVILLE, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
|    Defendants. | ) | |

## MEMORANDUM

Pending before the Court is the Defendant City of Clarksville's (the "City's") Motion to Dismiss. (Doc. No. 74). Plaintiff Brent Nicholson ("Mr. Nicholson") filed a response (Doc. No. 94) and the City filed a reply (Doc. No. 96-1). For the reasons discussed below, the City's motion will be **GRANTED** in part and **DENIED** in part.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Mr. Nicholson is a resident and citizen of Florida, and the owner of real property located at 1880 Ashland City Road, SR-12, Clarksville, Tennessee 37043 (the "Property"). (Doc. No. 1 ¶ 1). On June 10, 2021, Mr. Nicholson filed this lawsuit against the City and 42 other individuals (collectively the "Individual Defendants") because of a storm drain (the "Storm Drain") that runs under his Property. (*Id*. ¶ 40).

The Storm Drain has caused significant slope erosion on the Property and damage to surrounding areas. (*Id*. ¶ 42). Mr. Nicholson did not install or approve the Storm Drain. (*Id*. ¶ 41). The City's water drainage system discharges into the Storm Drain, but the City has not and will not take responsibility for or claim ownership of the Storm Drain. (*Id*. ¶¶ 46, 48-49). The City will not allow Mr. Nicholson to fill or plug the Storm Drain. (*Id*. ¶ 47). The City has a permit to

discharge water from the Storm Drain. (*Id.* ¶ 48). The erosion and resulting damage to the Property from the Storm Drain has significantly increased over the years, resulting in a large sinkhole on the Property. (*Id.* ¶ 50). The City has taken no action despite its awareness of the Storm Drain and the damage it has caused. (*Id.* ¶ 52).

Mr. Nicholson brings five claims against the City: inverse condemnation (Count I); private nuisance (Count II); abatement of nuisance (Count III); negligence (Count IV); and trespass under Tennessee common law (Count V). On August 4, 2021, the City filed its pending motion to dismiss, arguing that Mr. Nicholson's claims are barred by the statute of limitations and the Tennessee Government Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 *et seq.*, and that Complaint fails to state a claim for inverse condemnation.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

2

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff typically does not have to anticipate or negate an affirmative defense, such as the statute of limitations, to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Thus, a Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based on the statute of limitations." *Id*. When considering a motion to dismiss based on a statute of limitations, the Court must decide whether it is apparent from the face of the complaint that the deadline for bringing the claim has passed. *See Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 761 (M.D. Tenn. 2019).

### III.     ANALYSIS

#### A.  Timeliness of claims

Here, it is not apparent from the face of the complaint that the deadline for Mr. Nicholson to bring his claims have passed. *See Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 761 (M.D. Tenn. 2019). Nevertheless, the City argues that the statute of limitations expired in 2020 on Mr. Nicholson's claims. (Doc. No. 81 at 15-17, 30-32). In support, the City relies on documents outside of the pleadings to show that, in 2019, Mr. Nicholson was aware of the alleged injury to the Property and believed that the City was responsible. According to the City, the documents show that Mr. Nicholson had meetings with the City about the Storm Drain and the Property in 2019. (*See* Doc. No. 81 at 15-16, 30-32 (citing Doc. Nos. 75-10, 75-13, 75-12, 75-11). Additionally, the City argues that one of the documents, (Doc. No. 75-5), shows that Mr. Nicholson undertook mitigation efforts on the Storm Drain in 2019. (Doc. No. 81 at 16-17, 32).

As a general rule, "matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under [Federal Rule of Civil Procedure] 56." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997); *see*

*also United Brotherhood of Carpenters and Joiners of America v. Ohio Carpenters Health and Welfare Fund*, 926 F.2d 550, 558 (6th Cir.1991) ("When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceeding must be considered one for summary judgment.").[1] It is solely within the Court's discretion to either consider these matters and convert the motion to one for summary judgment or to exclude the extra-pleading materials and apply the standard set forth in Rule 12. *See Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000).

In the present case, the Complaint does not reference any of the documents that the City asks the Court consider. Additionally, Mr. Nicholson contests the appropriateness of the Court considering these documents on review of the present motion. (*See* Doc. No. 94 at 1 n. 1). Accordingly, the Court will exercise its discretion to exclude these documents from consideration in evaluating the pending motion to dismiss and apply the standard set forth in Rule 12. As the City's arguments for dismissal based on the statute of limitations rely entirely on the documents that the Court has excluded from consideration in evaluating its motion, the City's motion will not be granted on statute of limitation grounds.

**B. GTLA claims**

"Under the GTLA, unless otherwise stated, 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.'" *Spearman v. Shelby Cty. Bd. of Educ.*, 637 S.W.3d 719, 732 (Tenn.

---

[1]     "Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014); *see also Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) ("courts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met.") (internal citations omitted).

Ct. App. 2021) (quoting Tenn. Code Ann. § 29-20-201; citing *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011)). As noted above, the City argues that sovereign immunity bars Mr. Nicholson's GTLA claims.

Mr. Nicholson contends that the Complaint pleads sufficient facts to establish that the City does not have Sovereign Immunity under the GTLA. (*See* Doc. No. 94 at 11-17). Specifically, Mr. Nicholson argues that the allegations in the Complaint support the removal of sovereign immunity under Section 29-20-204. (*See* Doc. No. 94 at 11). Section 29-20-204 removes sovereign immunity "for any injury caused by the dangerous or defective condition of any ... public improvement owned and controlled by such governmental entity." Tenn. Code Ann. § 29-20-204(a). Here, the Complaint alleges that "the City's water drainage system discharges into the Storm Drain" and that "[t]he City has taken no action to remedy the issue or the damage it has caused[.]" (Doc. No. 1 ¶¶ 46, 52). Mr. Nicholson asserts that his GTLA claims are based on the City's use of the Storm Drain. (*See* Doc. No. 94 at 14-15).

The City argues that Section 29-20-204(a) does not remove its immunity in the present case because the Complaint fails to allege that the City owns and controls the Storm Drain. (Doc. No. 81 at 21-25). In his response, Mr. Nicholson points to the following factual allegations:

> 46. To date, the City has not and will not take responsibility for the Storm Drain despite the fact that the City's water drainage discharges into the Storm Drain.
>
> 47. Although the City would not take responsibility for the Storm Drain, the City will not allow the Plaintiff to fill or plug the Storm Drain that exists on the Property but does not serve the Property.
>
> 48. The City refused to take responsibility or claim ownership of the Storm Drain. In fact, it was not until March 25, 2021, in response to a Notice of Intent letter under the Clean Water Act, that the City's attorney admitted that the City in fact had a permit to discharge water from the Storm Pipe.

5

49. Additionally, upon information and belief, the Storm Drain is effectively and continuously serving as a public drainage feature and it thus the responsibility of the City.

(Doc. No. 1 ¶¶ 46-49). Even viewing these facts in the light most favorable to Mr. Nicholson and drawing all reasonable inferences in his favor, the Complaint fails to allege that the City owns and controls the Storm Drain. Mr. Nicholson doesn't argue otherwise – rather, he asserts that the Complaint "sufficiently alleges that the City has asserted ownership and control over the Storm Drain." (*See* Doc. No. 94 at 17). However, "statutes which waive immunity of the governmental entity from suit are to be construed strictly in favor of the sovereign." *Siler v. Scott*, 591 S.W.3d 84, 104 (Tenn. Ct. App. 2019) (quoting *Hughes*, 340 S.W.3d at 361). Section 29-20-204(a) only waives sovereign immunity "for any injury caused by the dangerous or defective condition of any ... public improvement owned and controlled by such governmental entity." Accordingly, subsection 204 does not remove the City's immunity in the present case and the City's motion to dismiss will be granted as to the GTLA claims, Counts II, III, IV, and V.

## C. Inverse Condemnation (Count I)

The City argues that Mr. Nicholson's claim for inverse condemnation should be dismissed for failure to state a claim because the Complaint fails to allege that it committed any purposeful or intentional act. (*See* Doc. No. 81 at 32-33) (citing *Edwards v. Hallsdale-Powell Util. Dist. Knox Cty., Tenn.*, 115 S.W.3d 461, 466 (Tenn. 2003)). In his response, Mr. Nicholson asserts that the Complaint alleges such facts in paragraphs 56, 57, 44, 47, 49, 51. (*See* Doc. No. 94 at 18). Out of these six paragraphs, only paragraph 47 alleges an action by the City: that it "will not allow" Mr. Nicholson to fill the Storm Drain. (*See* Doc. No. 1 ¶¶ 56-57, 44, 47, 49, 51). The City filed a reply (*see* Doc. No. 96-1), but did not respond to Mr. Nicholson's foregoing argument. Viewing the facts

6

alleged and drawing all reasonable inferences in Mr. Nicholson's favor, the Court will not dismiss

the inverse condemnation claim for failure to allege a taking.

## IV.    CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss will be **GRANTED** in part and

**DENIED** in part. The motion will be granted as to Counts II, III, IV, and V and will be denied as

to Count I.

An appropriate Order will enter.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE