IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRENT NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00459 |
| ) | |
| CITY OF CLARKSVILLE, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Marletta Lilly's Motion for Judgment on the Pleadings. (Doc. No. 104).¹ Plaintiff Brent Nicholson ("Mr. Nicholson") filed a response (Doc. No. 110), and Ms. Lilly filed a reply (Doc. No. 112). For the reasons discussed below, Ms. Lilly's motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Nicholson is a resident and citizen of Florida, and the owner of real property located at 1880 Ashland City Road, SR-12, Clarksville, Tennessee 37043 (the "Property"). (Doc. No. 1 ¶ 1). On June 10, 2021, Mr. Nicholson filed this lawsuit against Ms. Lilly, the City of Clarksville, and 41 other individuals (collectively the "Individual Defendants") because of discharge from a storm drain (the "Storm Drain") that has caused a sinkhole on the Property. (*Id*. ¶¶ 40, 42, 50). The Complaint alleges that Ms. Lilly and the other Individual Defendants contribute to the Storm Drain drainage by their discharge acts. (*See id*. ¶ 53). Mr. Nicholson brings trespass and nuisance claims against Ms. Lilly.

---

¹ Ms. Lilly is referenced in the Complaint as Marletta Porch and in the parties' filings as Ms. Lilly. The Court will refer to this Defendant as Ms. Lilly.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III. ANALYSIS

Through the pending motion for judgment on the pleadings, Ms. Lilly argues that Mr. Nicholson's claims against her are time-barred. *See Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, 359 F. Supp. 3d 546, 567 (E.D. Tenn. 2019) ("Statute-of-limitations defenses are most properly raised in Rule 56 motions, rather than Rule 12(b)(6) or Rule 12(c) motions[.]"). The parties appear to agree that Mr. Nicholson's trespass and nuisance claims are governed by the three-year statute of limitations set forth in Tennessee Code Annotated Section 28-3-105.

To determine whether the statute of limitations has expired, the Court must first determine whether the alleged nuisance and trespasses are temporary or permanent, which are questions of fact. *See Anderson v. Am. Limestone Co.*, 168 S.W.3d 757, 761 (Tenn. Ct. App. 2004). "When a

2

Case 3:21-cv-00459   Document 132   Filed 05/12/22   Page 2 of 3 PageID #: 1002

nuisance is temporary and continuous, the continuation is a new offense entitling a plaintiff to recover damages occurring within the limitations period, even though the nuisance has existed longer than the limitations period." *Id*. "When a nuisance is permanent, the statute of limitations commences to run from the time of the creation of the nuisance." *Id*.

In the present case, the parties disagree about whether the alleged nuisance and trespasses are temporary or permanent. (*See* Doc. No. 110 a 4-6 (citing Doc. Nos. 1, 36 at ¶¶ 90, 82)).[2] This dispute precludes dismissal at this stage of the litigation on Ms. Lilly's statute-of-limitations affirmative defense. *See Munson*, 359 F. Supp. 3d at 567. Dismissal is also inappropriate on statute-of-limitation grounds because the allegations in the complaint do not affirmatively show that the claims are time-barred. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

For the foregoing reasons, Ms. Lilly's Motion for Judgment on the Pleadings (Doc. No. 104) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Ms. Lilly relies on *Clabo v. Great American Resorts, Inc.*, 121 S.W. 3d 668 (Tenn. Ct. App. 2003) and *Ray v. Neff*, 2018 WL 3493158 (Tenn. Ct. App. July 20, 2018) to support her argument that the claimed nuisance is permanent. (*See* Doc. No. 105 at 3). While *Clabo* and *Ray* both concern water flow related nuisance claims, neither involved a determination on the issue of whether the claimed nuisances or trespasses were temporary or permanent on a motion for judgment on the pleadings. Rather, *Clabo* found that a permanent nuisance existed after a trial with expert proof and *Ray* determined that the nuisance was permanent on summary judgment. *See Clabo*, 121 S.W.3d at 670; *Ray*, 2018 WL 3493158, at *5.